PHILADELPHIA TRANSPORTATION & LIGHTERAGE CO. v. PENN-SYLVANIA R. CO.

(District Court, E. D. Pennsylvania.   March 26, 1908.)

No. 79.

WHARVES—LIABILITY OF OWNER FOR INJURY TO VESSELS—SUBMERGED PILES.
    The owner of a dock, who had removed one of the piers therefrom, leaving submerged piles therein, is liable for the loss resulting from the grounding of a lighter on one of such piles while properly in the dock unloading a steamship, and which was properly moved and handled.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Wharves, §§ 36, 37.]

In Admiralty.   On final hearing.

Horace L. Cheyney, for libelant.
John Hampton Barnes, for respondent.

HOLLAND, District Judge.   This libel is filed by the complainant to recover damage to one of its lighters, resulting from a submerged pile left by the defendant in the dock between piers 46 and 48, on the Delaware river.   It appears that in the month of May, 1903, the com-

plainant was engaged in lightering a cargo of chalk from the steamship Minnesota, which vessel lay head in on the south side of pier No. 46, and complainant's lighter was lying head in along the south side of the steamship, receiving a cargo of chalk therefrom. After the lighter had been loaded, it became necessary to shift away from the steamship, and in doing so the alleged accident occurred. A careful examination of the evidence warrants the finding of the following facts:

(1) The defendant, at the time of the accident, was the owner of piers Nos. 46 and 49, and had removed from between these two pier 47. In this work of removal a number of submerged piles were left in the dock, several of them near the bulkhead from 4 to 8 feet from the surface, and one about 10 feet from the bulkhead about 18 inches from the surface of the water at ebb tide.

(2) The complainant's lighter, at the time of the accident, was properly loaded with about 275 or 280 tons of chalk, and whatever list there may have existed was not the cause of the accident.

(3) That the lighter was drawing about 6 feet of water fore and 6½ feet aft; that at this point the maximum high tide is about 6 feet, and the minimum high tide about 5½ feet; that on the day of the accident the tide was high about 2 o'clock, and that the accident happened somewhere between 3:30 and 4 o'clock; that there was about 6 feet of water over the highest submerged pile at the time of the accident.

(4) That the lighter was properly moved by the man in charge, and the accident was not the result of anything done or omitted to be done by them; that in removing the lighter toward pier No. 48 it ran aground upon the submerged pile, and as the tide lowered it listed to port, and, being top-loaded to the height of about 10 feet, overturned.

Convinced that this accident was caused as the facts above found would indicate, we conclude that the defendant is responsible for whatever damages resulted, and a decree is accordingly entered in favor of the complainant and against the respondent for damages and costs of suit.